UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY WILLIAMS,

        Plaintiff,

vs.                                    CASE NO. 04-CV-72760-DT
                                        HON. LAWRENCE P. ZATKOFF

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on January 31, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA") (Docket #13). Defendant has responded. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D.MICH.LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiff's Motion for Attorney Fees is DENIED WITHOUT PREJUDICE.

### II. BACKGROUND

Plaintiff filed an action under the Social Security Act (hereinafter, the "Act") seeking to challenging the Defendant's denial of her claim that she was disabled and entitled to Disability Insurance Benefits or Supplemental Security Income. In an Opinion and Order, this Court (1) denied Defendant's Motion for Summary Judgment affirming the Administrative Law Judge's

("ALJ") decision, (2) adopted that portion of the Magistrate Judge's Report and Recommendation reversing the ALJ's decision because it was not supported by substantial evidence, and (3) remanded the case to the ALJ for purposes of making additional factual determinations, taking into consideration all of the evidence and setting forth the reasons and evidence which support his conclusions. Plaintiff subsequently filed the Motion for Attorney Fees pursuant to the EAJA.

### III.  ANALYSIS

In remanding the case to the Administrative Law Judge, the Court stated:

> [T]here are still factual issues to be resolved regarding Plaintiff's residual functional capacity, whether she can perform a significant number of jobs in the national economy, and whether she continues to smoke and what impact her smoking has on any of her claims. Therefore, it is the conclusion of this Court that the case be remanded to the Administrative Law Judge for purposes of making additional factual determinations, taking into consideration all of the evidence and setting forth the reasons and evidence which support his conclusions.  Accordingly, the Court does not adopt that portion of the Magistrate Judge's Report and Recommendation finding that the proof of Plaintiff's disability is strong and evidence to the contrary is lacking and recommending that this Court remand the case solely for the purpose of awarding benefits.

As is clear from the foregoing language, this Court did not make any finding that Plaintiff was successful in her claim. Rather, the Court found that the ALJ had not made a sufficient record of factual determinations to support her conclusions that Plaintiff was not disabled and not entitled to benefits, and the Court remanded the case solely for that purpose. More importantly, nothing in the Court's Opinion and Order suggests Plaintiff had prevailed in her case at the time of remand.

Plaintiff argues that the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292 (1993), governs this case and dictates that Plaintiff is entitled to attorney fees at this time. The Court finds that Plaintiff has misinterpreted the *Schaefer* case. In *Schaefer*, the plaintiff was denied benefits at the administrative level and brought suit in federal district court. The district court held that the decision denying plaintiff disability insurance was erroneous and entered an order reversing the decision and remanding the case "for further considerations in light of [the court's] Order." The

plaintiff's application for benefits then was reconsidered at the administrative level and the application was granted. Thereafter, the plaintiff filed an application for attorney fees pursuant to the EAJA, as a final judgment (the granting of plaintiff's application) had been entered.

In the instant case, Plaintiff has not met one of the critical steps described in *Schaefer*. Plaintiff's application for benefits has not been reconsidered and/or granted at the administrative level (or granted upon further review of this Court after the administrative law judge again denied her application). As such, there has been no final judgment in favor of Plaintiff such that she could be a prevailing party entitled to fees under the EAJA.

Accordingly, and for the reasons stated above, Plaintiff's Motion for Attorney Fees is DENIED. As a final judgment has not been entered in Plaintiff's case, the Motion is denied without prejudice.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorney Fees is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff

LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 31, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 31, 2007.

s/Marie E. Verlinde

Case Manager
(810) 984-3290

3